UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA LYNN CARVER,<br>　　　　Petitioner,<br>　v.<br>UNITED STATES OF AMERICA,<br>　　　　Respondent. | Case No. 18-06891 EJD (PR)<br>**ORDER TO SHOW CAUSE** |

Petitioner, a federal prisoner at the Federal Correctional Institution ("FCI") in Dublin, California, filed in pro se a "Request for Credit of Home Monitoring System Time," which would advance her release date by 10 months, in the Western District of Washington. (Docket No. 1.) The matter was construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and transferred to this Court. (Docket No. 3.)

Because the petition was silent with respect to the exhaustion of administrative remedies, the Court directed Petitioner to show cause why the petition should not be dismissed for failure to exhaust administrative remedies before filing the instant petition. (Docket No. 9.) Petitioner has filed a response, providing copies of documents purporting to show that she exhausted administrative remedies in a timely manner. (Docket No. 10.)

///

# DISCUSSION

## A. Standard of Review

Review of the execution of a federal sentence is properly brought as a petition under 28 U.S.C. § 2241. See United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984) (presentence time credit claim). This Court may entertain a petition for writ of habeas corpus from a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This power extends to reviewing challenges to the Board of Parole's decisions regarding execution of federal criminal sentences, including calculation of release date. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

## B. Legal Claims

Petitioner seeks modification of her release date from January 26, 2021, to March 26, 2020. (Pet. at 1.) Petitioner claims that if the Court takes into account prior custody credit, she would be entitled to the earlier release date. (*Id.* at 2.) Liberally construed, this claim is cognizable and merits an answer from Respondent.

# CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto on Respondent and Respondent's attorney, the United States Attorney for the Northern District of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of Petitioner's federal criminal record that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, she shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." She must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

**Dated:** __2/20/2020__

EDWARD J. DAVILA
United States District Judge

Order to Show Cause
PRO-SE\EJD\HC.18\06891Carver.2241_osc

3