1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JESSICA LYNN CARVER,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. 18-06891 EJD (PR)

**ORDER OF DISMISSAL**

Petitioner, a federal prisoner at the United States Federal Correctional Institution ("FCI") in Dublin, California, filed a "Request for Credit of Home Monitoring System Time," in the Western District of Washington.  Dkt. No. 1.  The matter was construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, and was transferred to this Court as having jurisdiction under § 2241.  Dkt. No. 3.

On April 2, 2019, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust administrative remedies.  Dkt. No. 9.  On April 18, 2019, Petitioner provided documents illustrating her attempts to exhaust.  See Dkt. No. 10-1.  On February 20, 2020, the Court ordered Respondent to answer the petition.  Dkt. No. 11.  Respondent timely filed an Answer on April 9, 2020.  Although

1  given notice and an opportunity to do so, Petitioner did not file a Traverse.

2  For the reasons discussed below, this matter must be dismissed.

3  **BACKGROUND**

4  According to the petition, Petitioner was sentenced in the Western District of

5  Washington on October 6, 2017, to 60 months in federal prison.  Dkt. No. 1 at 1.

6  Respondent explains that Petitioner will be released from custody on December 22, 2020.

7  Petitioner asserts that she should have received credit at sentencing for the time

8  between the date that Petitioner was released on bond, January 23, 2017, and the date that

9  she was sentenced, October 6, 2017.  See Dkt. No. 1 at 1 (citing 18 U.S.C. § 3585(b)).

10  Petitioner argues that, if she were given credit for this time, then she would have been

11  released on March 26, 2020.  See id.

12  In its Answer, Respondent argues that the petition should be dismissed because

13  Petitioner did not exhaust her available administrative remedies, and in the alternative that

14  the petition should be denied on the merits.

15  **DISCUSSION**

16  The statute under which Petitioner filed her habeas petition, 28 U.S.C. § 2241,

17  "does not specifically require petitioners to exhaust direct appeals before filing petitions

18  for habeas corpus."  Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004) (quotation marks

19  and citation omitted).  As a prudential matter, however, habeas petitioners must exhaust

20  available remedies before seeking relief under section 2241.  Id.; Huang v. Ashcroft, 390

21  F.3d 1118, 1123 (9th Cir. 2004); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986).

22  Prudential limits, like jurisdictional limits, "are ordinarily not optional."  Castro-Cortez v.

23  INS, 239 F.3d 1037, 1047 (9th Cir. 2001), overruled on other grounds by Fernandez-

24  Vargas v. Gonzales, 548 U.S. 30 (2006).  Accordingly, "[l]ower courts are, . . .  not free to

25  address the underlying merits without first determining [whether] the exhaustion

26  requirement has been satisfied or properly weighed."  Laing, 370 F.3d at 998.

27

2

28  Order of Dismissal
C:\Users\kratzmanna\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\M0TUT4Q5\06891Carver_dism.docx

Exhaustion may be excused if the administrative remedy is inadequate, ineffective, or if attempting to exhaust would be futile or would cause irreparable injury.  See Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993).  Failure to exhaust administrative remedies also may be excused where an official policy of the BOP requires denial of the claim.  See Ward v. Chavez, 678 F.3d 1042, 1045–46 (9th Cir. 2012). Factors weighing in favor of requiring exhaustion include whether (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision, (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme, and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.  See Noriega–Lopez v. Ashcroft, 335 F.3d 874, 880–81 (9th Cir. 2003).

Because the exhaustion requirement applicable to Section 2241 petitions is judicially created and not a statutory requirement, a failure to exhaust does not deprive a court of jurisdiction over the controversy.  See Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds, Reno v. Koray, 515 U.S. 50, 54–55 (1995).  If a petitioner has not properly exhausted his or her claims, a district court in its discretion may either excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court.  Brown, 895 F.2d at 535.

Here, it is undisputed that the Bureau of Prisons has established an administrative remedy by which an inmate in a federal prison may seek review of any aspect of imprisonment.  See 28 C.F.R. §§ 542.10-542.17 (2016).  It is also undisputed that an inmate must generally file and receive a denial at all three levels (Warden, Regional Director, and Central Office) before she is considered to have exhausted her available administrative remedies.  See id. at § 542.15(a) ("An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director . . . .  An inmate who is not satisfied with the Regional

3

1    Director's response may submit an Appeal on the appropriate form (BP–11) to the General

2    Counsel . . . .  Appeal to the General Counsel is the final administrative appeal."); see also

3    Dkt. No. 13-1 ("Erickson Declaration") at ¶ 10 (describing the administrative appeals

4    process).

5         Petitioner has provided documents which show that she made efforts to resolve her

6    habeas claim informally, and pursued her claim to the first level of review with a request to

7    the Warden of FCI.  See Dkt. No. 10-1 (Petitioner's informal grievance and request to the

8    Warden).  However, Petitioner did not provide any documents to suggest that she pursued

9    her claim to the second or third levels of review.  See generally, id.

10        By contrast, Respondent provided evidence that Petitioner did not pursue her claim

11   to the second or third levels of review.  See Erickson Decl. at ¶ 11 (stating that Petitioner

12   did not appeal the Warden's denial of her claim) & Ex. 13 (report from the BOP's record-

13   keeping system, showing that Petitioner did not pursue her claim).  Respondent thus met

14   its burden to show that Petitioner failed to exhaust her claim.  See Jiau v. Tews, 623 F.

15   App'x 349, 350 (9th Cir. 2015) (noting it is the "government's burden to prove that an

16   inmate failed to exhaust") (citing Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014)).

17        Petitioner did not rebut Respondent's showing, and did not argue, much less

18   introduce any facts to suggest, that her failure to exhaust should be excused.  See

19   generally, Dkt. Nos. 1, 10.  Thus, despite having been given the opportunity, Petitioner

20   failed to show that she has exhausted her claim or that this failure should be excused.

21   Moreover, the Court notified Petitioner more than one year ago that Petitioner needed to

22   exhaust her claim, see Dkt. No. 9, but Petitioner has not taken any additional steps to

23   exhaust, see Erickson Decl., Ex. 13; see generally, Dkt.  The Court therefore will not

24   exercise its discretion to excuse Petitioner's failure to exhaust.

25        Even if Petitioner had exhausted administrative remedies, the petition would fail on

26   the merits.  Petitioner claims only that she should have received credit at sentencing

27                                          4

28

pursuant to 18 U.S.C. § 3585(b) for the time that Petitioner spent in pre-sentencing home confinement.  See Dkt. No. 1.  However, § 3585(b) only grants sentencing credit for time spent in "official detention."  See 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences" as a result of an offense or charge that led to the sentence at issue.").  It is well-established that home confinement is not the sort of "official detention" that entitles a defendant to sentencing credit.  See Koray, 515 U.S. at 62-65 (finding that the scope of "official detention" extends only to those defendants "completely subject to BOP's control," and that a person released on bail to a community treatment center was not entitled to sentencing credits); accord Fed. Bureau of Prisons v. Moreno, 145 F. App'x 223, 225 (9th Cir. 2005) ("Home confinement does not constitute "official detention" within the meaning of 18 U.S.C. § 3585(b).") (citing Koray, 515 U.S at 62-65). See also Winkleman v. Hayes, No. C-94-3770 CW, 1995 WL 688648, at *3 (N.D. Cal. Nov. 9, 1995) ("Even before Koray, . . . , the Ninth Circuit had held . . . that a defendant seeking credit against his sentence for time spent on bail under court order to observe certain conditions of release, including home detention, was not entitled to credit under Title 18 U.S.C. § 3585(b).") (citing cases).  Accordingly, in addition to being unexhausted, Petitioner's claim fails on the merits.

Because Petitioner has neither exhausted her claim nor shown that her failure to exhaust should be excused, because Petitioner appears to have taken no steps to exhaust administrative remedies after the Court's notification that such steps are necessary, and because Petitioner's claim would fail on the merits even if it were exhausted, the Court concludes that dismissal is appropriate here.

## CERTIFICATE OF APPEALABILITY

Petitioner is a federal prisoner bringing a § 2241 petition attacking the execution of her sentence.  Because Petitioner does not attack the validity of her conviction, the Court

5

need not address whether she is entitled to a certificate of appealability.  See Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008) ("The plain language of § 2253(c)(1) does not require a petitioner to obtain a COA in order to appeal the denial of a § 2241 petition . . . Although state prisoners proceeding under § 2241 must obtain a COA, there is no parallel requirement for federal prisoners.") (internal citations omitted).

## CONCLUSION

For the foregoing reasons, this federal habeas corpus action is **DISMISSED**. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:   12/1/2020

EDWARD J. DAVILA
United States District Judge

Order of Dismissal
C:\Users\kratzmanna\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\M0TUT4Q5\06891Carver_dism.docx